IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARINA E. TUCKER *on behalf of* D.R.N. (Minor), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 18-119-E ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 2nd day of July, 2019, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C.§ 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) failing to evaluate sufficiently the functional equivalence domain of "attending and completing tasks" in his analysis of Plaintiff's limitations; and (2) failing to consider adequately two medical reports in the record. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

The Social Security Administration has established a 3-step sequential evaluation process for deciding whether a child is disabled. See 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. See 20 C.F.R. § 416.924(a). If not, the ALJ proceeds to Step 2 in order to determine whether the claimant has a severe impairment or combination of impairments. See id. If so, the analysis proceeds to Step 3 where the ALJ must determine whether the claimant's impairments meet or are medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("the Listings"). See id. If so, and if the impairments have lasted or are expected to last for a continuous period of at least 12 months, then the claimant is presumed to be disabled. See id.

At issue in this case is whether Plaintiff meets the standard for "functional equivalence." To determine whether a claimant's impairments functionally equal the Listings, the ALJ must assess the claimant's functioning in 6 domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. See 20 C.F.R. § 416.926a(b). In order to functionally equal the Listings, the claimant's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. See 20 C.F.R. § 416.926a(d).

In this case, after reviewing all the relevant evidence, the ALJ determined that Plaintiff had no "extreme" limitations, and that he had "marked" limitations in only one domain, that of interacting and relating to others. (R. 26-31). Accordingly, the ALJ found Plaintiff to be not disabled. (R. 32). Plaintiff contends, however, that the ALJ did not properly evaluate the limitations caused by his impairments in the domain of attending and completing tasks. Nevertheless, the Court finds that, in reaching his conclusions regarding Plaintiff's limitations, the ALJ properly reviewed and engaged in extensive discussion of the evidence, including the medical evidence of record, the various opinions in the record, and Plaintiff's testimony, and that the ALJ ultimately did not err in reaching his conclusion regarding Plaintiff's limitations in the domain of attending and completing tasks. (R. 18-32).

In making his argument, Plaintiff lists various pieces of evidence from the record that he states would have supported a finding of marked limitations in the domain of attending and completing tasks. However, the job of the Court here is to determine whether substantial evidence supports the ALJ's findings. See 42 U.S.C. § 405(g); Hundley v. Colvin, No. 16-153,

2016 WL 6647913, at *1 (W.D. Pa. Nov. 10, 2016). Because judicial review of the Commissioner's decision is expressly limited, even if the Court were to decide the case differently upon a *de novo* review, it is not proper for the Court simply to re-weigh the evidence at this juncture. See id.; see also Weidow v. Colvin, No. 15-765, 2016 WL 5871164, at *18 (M.D. Pa. Oct. 7, 2016) (noting that if substantial evidence supports the ALJ's finding, it is irrelevant if substantial evidence also supports Plaintiff's claim). Additionally, the ALJ is not required to make reference to every relevant treatment note in the record, as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Knox v. Astrue, No. 09-1075, 2010 WL 1212561, at *7 (W.D. Pa. Mar. 26, 2010); Coccarelli-Yacobozzi v. Astrue, No. 08-311, 2010 WL 521186, at *10 (W.D. Pa. Feb. 9, 2010).

Upon careful review of the ALJ's full analysis and the evidence of record, the Court finds that the ALJ discussed the evidence at great length and correctly cited to various parts of the record to support his conclusion that Plaintiff had less than marked limitations in attending and completing tasks. (R. 18-26, 27-28). Specifically, the ALJ correctly noted that Plaintiff's mother, teacher and speech language pathologist had reported that Plaintiff had trouble attending and completing tasks, but that the "school sources reported mostly slight limitations." (R. 28). The ALJ also remarked that Plaintiff's concentration was generally found to be "good" on his various outpatient mental status examinations. (R. 28). Further, the ALJ correctly indicated that Plaintiff was found to have had only "mild impairment" in concentration during his consultative examination, and that during his later psychiatric evaluation, Plaintiff followed his mother's instruction when he required redirection. (R. 28). Accordingly, the ALJ reasonably found that, based upon the evidence of record, Plaintiff had a less than marked limitation in attending and completing tasks. (R. 28). The Court cannot find that the ALJ erred in this regard.

Next, Plaintiff claims that the ALJ failed to evaluate properly certain medical evidence in the record. First, Plaintiff contends that the ALJ did not adequately consider a Child Development Evaluation performed by Ryan J. Anderson, Ph.D. (R. 288-95). In that document, Dr. Anderson explained that Plaintiff had attended his appointment with his mother and brother and that Plaintiff's history had been obtained from the mother and from a review of the record. (R. 288). After the 75-minute evaluation visit, Dr. Anderson recorded his observations and summarized his findings in his report, including a diagnosis of ODD and ADHD. (R. 292, 295). Dr. Anderson also issued a series of recommendations, including contacting Forest-Warren Human Services to request case management to assist with identifying appropriate care providers for carrying out his recommendations, contacting Behavioral Health Rehabilitation Services in Warren County to obtain the services of a Behavioral Specialist Consultant, and following up with psychiatric consultation to determine whether medication was warranted to treat Plaintiff's core symptoms of ADHD. (R. 293-95). Plaintiff also asserts that the ALJ did not properly evaluate a CASSP Referral Form submitted to the Child and Adolescent Service System Program by school psychologist K.C. Miller. (R. 406-08). That document indicated a referral was being made due to Plaintiff's extreme hyperactivity/impulsivity at school, and noted that Plaintiff's issues had been identified as including hyperactive and impulsive behavior, being defiant and not completing his work. (R. 407).

3

Plaintiff admits that the ALJ summarized Dr. Anderson's report and Mr. Miller's referral in his decision, and Plaintiff does not contend that the ALJ erred in summarizing the psychologists' findings from those documents. Furthermore, the Court also finds that the ALJ thoroughly and correctly described the findings contained in those documents in his analysis. Instead, Plaintiff argues simply that the ALJ failed to "evaluate" the report and the referral in his discussion of the medical opinion evidence. Specifically, Plaintiff complains that "[t]he ALJ's failure to evaluate Dr. Anderson and Mr. Miller's opinions makes it impossible to determine whether the ALJ considered and rejected these opinions for legally insufficient reasons, or even simply overlooked them." (Doc. No. 10, at 9). Thus, Plaintiff essentially argues that Dr. Anderson's report and Mr. Miller's referral should have been treated as medical opinions, rather than as objective medical evidence.

At the outset, the Court notes that the ALJ did properly discuss and assign varying degrees of weight to the various opinions that were offered in the record. In fact, the ALJ discussed and considered the opinions from Plaintiff's teacher and speech language pathologist, consultative examiners, and state agency medical and psychological consultants. (R. 25-26). The Court does not agree, however, that the ALJ erred in failing also to assess Dr. Anderson's report and Mr. Miller's referral in a similar manner by choosing to accept or reject their findings and by specifically assigning those documents a certain amount of weight in his analysis. "Medical opinions" are defined by the Social Security regulations as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 CFR § 416.927(a)(2). Here, Dr. Anderson conducted an evaluation, described his various findings and presented the results and recommendations in his report. Although he described Plaintiff's various behaviors and made recommendations for treatment, Dr. Anderson did not specifically assess Plaintiff's capabilities by opining as to how he was limited in the various domains. Similarly, Mr. Miller indicated issues that had been identified in order to explain his referral for services to help Plaintiff, but he did not opine as to the degree to which Plaintiff was functionally limited in any particular domain.

Since Dr. Anderson and Mr. Miller did not exercise their professional judgment to opine specifically as to the limitations Plaintiff had in the six domains at issue, they did not explicitly provide medical opinions regarding Plaintiff's limitations that the ALJ needed to assess, and thus accept or reject and assign weight to, as such, alongside the other opinions regarding Plaintiff's functional limitations in his analysis. See, e.g., Blakely v. Astrue, No. 10-1700, 2012 WL 995270, at *1 n.1 (W.D. Pa. Mar. 23, 2012) (wherein a doctor's evidence constituted objective findings to be considered and discussed, not medical opinions to be weighed). Rather, Dr. Anderson's evaluation presents a series of medical findings and recommendations for treatment, and Mr. Miller's referral describes problematic issues that had been identified and reasons for his referral, which the ALJ properly summarized in describing the medical evidence of record—and which he clearly did not "overlook," as Plaintiff suggests. Accordingly, the Court finds that the ALJ fully and properly described the findings and recommendations contained in the report by Dr. Anderson and the referral from Mr. Miller, and that the ALJ did not err in considering those documents as he reviewed all the medical evidence.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:          Counsel of record

---

Moreover, even if the Court were to consider Dr. Anderson's report and Mr. Miller's referral as medical opinions addressing Plaintiff's limitations in certain domains rather than as presentations of objective findings, the Court notes that Plaintiff has failed to explain exactly which functional limitations in those documents should have been properly discussed and included among Plaintiff's limitations, but were not. Because Plaintiff has not pointed to specific limitations from Dr. Anderson's report or Mr. Miller's referral that the ALJ failed to include in Plaintiff's domain limitations, and because any such missing functional limitations are not otherwise obvious to the Court, Plaintiff's claim lacks merit in any event.

Thus, the Court does not agree with Plaintiff's assertion that the ALJ erred in his consideration of the medical evidence in making his assessment, nor does the Court agree that the ALJ erred in finding that Plaintiff had less than marked limitations in attending and completing tasks. Accordingly, the Court affirms.